**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4226

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES R. PLEGER,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Jerome B. Friedman, District Judge. (CR-03-190)

Submitted: July 16, 2004          Decided: August 17, 2004

Before WIDENER, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jennifer T. Stanton, J.T. STANTON, P.C., Norfolk, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Michael J. Elston, Assistant United States Attorney, Colleen M. Shook, Special Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

James R. Pleger appeals his conviction of one count of violating 18 U.S.C. § 641 (2000), theft of federal government property. We affirm. Following Pleger's plea of not guilty, a magistrate judge conducted a bench trial and concluded Pleger committed the charged offense. The magistrate judge sentenced Pleger to a term of probation for one year, a $500 fine, a special assessment of $25, and, as a special condition of probation, forty-eight hours in jail. Pleger appealed to the district court, which, following a hearing, affirmed. Pleger timely appealed, and argues that there was insufficient evidence to convict him of violating 18 U.S.C. § 641.

Under § 641, the Government had to prove that Pleger: (1) took property; (2) of the United States; (3) with the intent to deprive the United States of ownership; and (4) that the value of the items was less than $1000. See 18 U.S.C. § 641. A defendant challenging the sufficiency of evidence to support his conviction "bears a heavy burden." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). In reviewing a sufficiency challenge, "[t]he verdict . . . must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). This court has defined "substantial evidence," in the context of a criminal action, as that evidence which a reasonable finder of fact could

- 2 -

accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.  See United States v. Newsome, 322 F.3d 328, 333 (4th Cir. 2003).

Guided by this standard, we have thoroughly reviewed the submissions of the parties and conclude that there was sufficient evidence from which a rational fact finder could conclude that Pleger violated § 641.  We therefore affirm Pleger's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED